[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE REVISED COUNTERCLAIM
The plaintiff was injured on January 15, 1987 according to the complaint. Her employer, Barry's Cleaners, filed an intervening complaint against the defendant, Kaman Corporation. Kaman filed a counterclaim against Barry's on June 1, 1992.
The counterclaim is based upon the alleged negligence of Barry's Cleaners that occurred on January 15, 1987.
Barry's has moved to strike the first and second count of the revised counterclaim filed July 27, 1992.
The court hereby grants the motion to strike the first count because the claim is barred by the worker's compensation statutes, Connecticut General Statutes31-284 (2) and the statute of limitations, Connecticut General Statutes 52-584.
The first count is barred by Connecticut General Statutes 31-284 (a) which sets up the exclusive remedy rule of the worker's compensation act to the effect that only recovery under the act is permitted. The defendant Kaman's claim that the intervening plaintiff, Barry's, was actively CT Page 10938 negligent and Kaman only passively so is not sufficient to establish an independent relationship which would pierce the shield given the employer by statute.
Furthermore, the court also finds that the first count is barred by the statute of limitations. Connecticut General Statutes 52-584 provides that no action for personal injury shall be brought except within two years of the injury. The statute further provides that a "counterclaim may be imposed in any such action any time before the pleadings in such actions are finally closed.
Since the pleadings were closed in 1991 and the injury occurred in 1987, the counterclaim filed originally on June 1, 1992 is barred by the statute.
Accordingly, the motion to strike the first count is hereby granted.
The second count simply states that all damages for negligence liability should be apportioned to Barry's and none to Kaman.
Since the second count depends upon the allegations of negligence in the first count which the court has stricken, and cannot stand alone, the motion to strike the second count is also granted.
HURLEY, J.